IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MONTELL FISHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-09-558-D |
| v. | ) | |
| | ) | |
| EMMA WATTS, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 36(b)(1)(B). For the following reasons, it is recommended that the Petition be transferred to the United States District Court for the Eastern District of Oklahoma.

In the instant Petition filed May 28, 2009, Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241, asserting that his Eighth and Fourteenth Amendment rights were violated by the filing of a "frivolous" misconduct report for escape in February 2008 while he was incarcerated at the Avalon Correctional Center in Tulsa, Oklahoma.  Petitioner is currently incarcerated at the Jackie Brannon Correctional Facility in McAlester, Oklahoma.

---

[1]Having examined the Petition filed by Petitioner, the undersigned has determined that Emma Watts, Warden of the Jackie Brannon Correctional Center where Petitioner is currently incarcerated, is the proper Respondent.

1

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000)(internal quotations omitted).  The undersigned takes judicial notice of the fact that Petitioner is incarcerated within the jurisdictional confines of the United States District Court for the Eastern District of Oklahoma and that all of the issues raised in the Petition involve actions or omissions occurring within the jurisdictional confines of the Eastern District of Oklahoma.  "Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such action if the transfer is in the interest of justice." Id. at 1150 (internal quotations omitted).  Because the Petition has been filed in the wrong federal district, the undersigned finds that the interest of justice would be served by a transfer of the matter to the proper district, and the undersigned recommends that the matter be transferred to the United States District Court for the Eastern District of Oklahoma.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be transferred to the United States District Court for the Eastern District of Oklahoma.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by  June 29th        , 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The failure to timely object to this Report and Recommendation would waive appellate review of the

recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   8th   day of   June  , 2009.

_/s/ Gary M. Purcell_
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE